An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
MARTIN G. CROWLEY, BAR NO. 3049.

No. 59895

**FILED**

JUL 22 2013

## ORDER OF SUSPENSION

This is an automatic review, pursuant to SCR 105(3)(b), of a disciplinary board hearing panel's recommendation that attorney Martin G. Crowley be suspended from the practice of law for one year. This matter arises from Crowley's improper business relationship with a client.

*Factual background*

Floyd Edgemon sought Crowley's assistance with a probate matter. Edgemon's longtime partner had passed away, leaving a house titled in only her name that Edgemon continued to live in. This property constituted the bulk of the partner's estate. Edgemon informed Crowley that the property was in foreclosure with a trustee's sale imminent.

Based on this, Crowley offered the assistance of Moroni Corporate Investments International, Inc. (MCI). Crowley is an officer and shareholder of MCI. Crowley drafted an agreement whereby MCI would bring the loan current and take over payments on the property pending its sale. Crowley, acting as attorney for MCI and the estate of Edgemon's deceased partner, failed to inform Edgemon that he should

13-21383

have an independent attorney review the agreement before signing it. Edgemon entered into this agreement without a full understanding of Crowley's relationship to MCI.

The agreement contemplated the sale of the house, with the estate and MCI sharing equally in any proceeds. Further, the agreement provided that any payments made by MCI would constitute a claim against the estate. MCI began making payments in accordance with the agreement and Crowley successfully had Edgemon appointed administrator of the estate. MCI made payments until insurance on the property lapsed. At that time, the mortgage company instituted its own insurance policy and raised the mortgage payment to cover its cost. MCI opted not to pay this higher monthly amount and stopped making the mortgage payments.

Relations between Edgemon and Crowley deteriorated, and Edgemon retained new counsel. Meanwhile, the house entered foreclosure and went to a trustee's sale. At the sale, Crowley bid on the property on behalf of MCI, allegedly in order to inflate the property's selling price. MCI ended up as the winning bidder. In the months after purchasing the house, MCI began eviction proceedings against Edgemon. Edgemon, through his new counsel, filed a civil suit against Crowley for breach of fiduciary duty and other causes of action. The district court entered a judgment against Crowley, and this court affirmed the district court's decision on appeal.

 

*Rule violations and recommended discipline*

At the conclusion of the hearing, the panel found unanimously that Crowley violated RPC 1.7 (conflict of interest: current clients), RPC 1.8 (conflict of interest: current clients: specific rules), and RPC 8.4 (misconduct). The panel recommended that Crowley be suspended for one year and that he pay the costs of the disciplinary proceedings.

Based on our review of the record, we conclude that the panel's findings of misconduct are supported by clear and convincing evidence. *See In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). We therefore approve the panel's recommendation that Crowley be suspended. However, we determine that a suspension of six months and one day with conditions is more appropriately tailored to Crowley's misconduct. We therefore reject the recommended suspension term of one year and instead direct that Crowley be suspended for six months and one day, with the conditions that (1) within 30 days of receipt of the state bar's bill of costs, Crowley shall pay the costs of the disciplinary proceeding, SCR 120; (2) prior to petitioning for reinstatement, *see* SCR 116, Crowley must pay any judgment amount that remains outstanding from the civil action filed by Edgemon against Moroni Corporate Investments; and (3) if reinstated, Crowley shall be subject to a two-year probationary period. During the probationary period, Crowley shall refrain from entering into business arrangements with clients of his law practice and shall be supervised by a mentor approved by the state bar, and the mentor shall make quarterly written reports to bar counsel regarding Crowley's law practice.

Accordingly, we hereby suspend Martin G. Crowley from the practice of law for six months and one day from the date of this order. In addition, Crowley shall comply with the conditions stated above and with SCR 115. The state bar shall comply with SCR 121.1.

It is so ORDERED.



_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

cc:    J. Thomas Susich, Chair, Northern Nevada Disciplinary Board
       Janeen V. Isaacson, Assistant Bar Counsel
       Kimberly K. Farmer, Executive Director, State Bar of Nevada
       Jeffrey A. Dickerson
       Perry Thompson, Admissions Office, United States Supreme Court